# CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK
PARIS
BRUSSELS
LONDON
FRANKFURT
COLOGNE
MOSCOW

2000 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006–1801
(202) 974-1500
FACSIMILE
(202) 974-1999
WWW.CLEARYGOTTLIEB.COM

ROME
MILAN
HONG KONG
BEIJING
BUENOS AIRES
SÃO PAULO
ABU DHABI
SEOUL

Writer's Direct Dial: +1 (202) 974-1554
E-Mail: skaiser@cgsh.com

October 29, 2015

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *Gordon v. Amadeus IT Group, S.A.*, *et al.*, 1:15-cv-05457:  Letter Motion to Stay All Discovery Pending Resolution of Defendants' Forthcoming Motions to Dismiss

Dear Judge Failla:

        Pursuant to Rule 2.H of Your Honor's Individual Rules of Practice in Civil Cases, all Defendants request that the Court stay all discovery pending resolution of the Defendants' forthcoming motions to dismiss.  As explained further below, Defendants' motions will raise the threshold question whether the state law claims upon which all of Plaintiffs' damages claims depend are preempted by federal law.  Permitting discovery—which Plaintiffs concede will be "voluminous" and involve numerous unnamed third parties—before the Court determines whether this case can proceed beyond the pleading stage would be unnecessary, inefficient, and unduly burdensome.  As reflected in the Parties' Proposed Case Management Plan and Scheduling Order, Defendants have raised and discussed this position with Plaintiffs.

        Plaintiffs' Amended Class Action Complaint (the "AC"), ECF No. 106, asserts, *inter alia*, claims under the antitrust and consumer protection laws of numerous states and the District of Columbia, and under Section 1 of the Sherman Act, on behalf of a class consisting of "[a]ll residents of the United States who purchased an airline passenger ticket for travel on any of [American, Continental, Delta, Northwest, United, US Airways, AirTran, Alaska, and JetBlue] between June 1, 2006 and the present."  AC ¶ 348.

        Plaintiffs allege that the Defendant Global Distribution Systems ("GDSs") "conspire[d]" to "demand[] full-content agreements" from airlines, which in turn enabled Defendants to offer their travel agency customers all fares and flights available for purchase from various airlines (*i.e.*, "full content").  AC ¶ 18.  Plaintiffs further allege that by providing Defendants with full content, certain airlines ended up paying Defendants higher GDS booking

Hon. Katherine Polk Failla
October 29, 2015
Page 2 of 4

fees. Plaintiffs then assert that these alleged higher booking fees led the *airlines* to charge Plaintiffs "supracompetitive prices . . . for Airline tickets." AC ¶ 363. Plaintiffs seek damages based on these allegedly higher ticket prices under various states' laws. AC ¶¶ 403-56.

Defendants' motions to dismiss will seek dismissal of Plaintiffs' federal and state law claims on a number of grounds, including that: (1) Plaintiffs' state law claims, upon which all of their damages claims depend, are expressly preempted under the Airline Deregulation Act ("ADA") of 1978, 49 U.S.C. § 41713(b)(1) (preempting any state "law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier"); (2) Plaintiffs, as purchasers of airline tickets and not (directly or indirectly) purchasers of GDS services, do not have standing under federal or state law to pursue their claims; and (3) Plaintiffs' claims are time-barred under applicable statute of limitations and the doctrine of laches.

Whether the ADA preempts Plaintiffs' state law claims is a threshold question that must be decided before Plaintiffs can go forward with any of their damages claims. Discovery should not begin until at least that threshold question has been decided. The Supreme Court has held that the ADA preempts any state law claim "having a connection with or reference to airline rates, routes, or services." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992) (internal quotation marks omitted); *see also Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1430 (2014) (same); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 697 F.3d 154, 158, 164 (2d Cir. 2012) (affirming dismissal where "plaintiffs' claims undoubtedly arise under state law and are related to price"). Federal laws, therefore, are the exclusive means to pursue any claims "related to a price, route, or service of an air carrier."

As their Amended Complaint makes clear, Plaintiffs' state law claims "relate to," "have a connection with," and "reference" airline prices. Plaintiffs' entire damages theory is that Defendants' alleged conduct resulted in higher airline ticket prices and Plaintiffs were harmed as a result. ADA preemption applies to both state antitrust claims (Plaintiffs' Count II) and state consumer protection claims (Plaintiffs' Count III)—which comprise Plaintiffs' only claims for damages—regardless of whether the defendant is an airline or provides services to an airline (such as a GDS). *See, e.g.*, *Lyn-Lea Travel v. Am. Airlines*, 283 F.3d 282, 287 n.8 (5th Cir. 2002) (holding that "ADA preemption is not limited to claims brought directly against air carriers" and dismissing claims against a GDS). Plaintiffs' state law damages claims are thus preempted and cannot go forward.

The likelihood of dismissal of Plaintiffs' state law claims on preemption grounds, alone, warrants a stay of discovery.[1] Plaintiffs have indicated that they expect "voluminous"

---

[1] Whether Plaintiffs would pursue federal injunctive relief if their preempted state law claims are dismissed is uncertain, although Defendants believe unlikely. But even were Plaintiffs' federal claim capable of surviving a motion to dismiss and even if Plaintiffs were inclined to proceed if damages are unavailable, a stay of discovery is still appropriate because eliminating the state law damages claims would likely impact the scope of discovery, and a stay would minimize the burden that would otherwise exist if discovery were to proceed now before Defendants' motions to dismiss are decided. *See, e.g.*, *In re*

Hon. Katherine Polk Failla
October 29, 2015
Page 3 of 4

discovery in this case (*see* ECF No. 100 at 2), including extensive electronic discovery of "email, word processing documents, spreadsheets, presentations, databases, instant/text messages, websites; intranets, phone and voicemail systems, etc." *See* Exhibit A, Attachment to 10/5/2015 email from Douglas Millen. Moreover, Plaintiffs have told Defendants that they will seek extensive third-party discovery, and indeed such discovery will be inevitable given that a key element of Plaintiffs' case—both on the merits and at class certification—will be how airlines price tickets, and in particular whether for each and every class member the price he or she paid for the airline tickets was higher as a result of the alleged conduct that led (also allegedly) to higher GDS fees.

To avoid unnecessarily burdening the parties, third parties, and the Court, Defendants respectfully submit that the Court should exercise its discretion to stay any discovery in this case until after the Court considers and rules on Defendants' forthcoming motions to dismiss. Courts in this district and elsewhere commonly stay discovery in antitrust cases in similar circumstances, and such stays are becoming increasingly commonplace.[2] As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, "it is only by taking care to require" a valid claim is pled "that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support [an antitrust conspiracy] claim." 550 U.S. 544, 559 (2007) (internal quotation marks omitted); *see also id.* at 558 ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of

---

*Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (concluding "that first resolving the motions to dismiss is the better course" because "[a]fter full ventilation of the viability *vel non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery to allow").

[2] *See e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-02542-VSB (S.D.N.Y. July 23, 2014) (ECF No. 57 at 4) (reaffirming decision to stay general discovery pending decision on motion to dismiss); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 1:13-cv-07789-LGS (S.D.N.Y. Mar. 4, 2014) (ECF No. 145) (staying discovery "pending the resolution of the anticipated motion to dismiss"); *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126(ALC)(KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (staying discovery "until the resolution of the motion to dismiss"); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery in antitrust case pending motion to dismiss); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839(PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (staying discovery even where "[t]he discovery sought . . . does not appear on its face to be unreasonably broad" because responding "will likely prove burdensome," and, if the motion to dismiss were granted, the "burden will likely have served little purpose"); *accord In re Online Travel Company (OTC) Hotel Booking Antitrust Litigation*, No. 3:12-cv-03515-B (N.D. Tex. Feb. 26, 2013) (ECF No. 37 at 1) (staying discovery pending motion to dismiss); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042-SFC (E.D. Mich. May 26, 2010) (ECF No. 152 at 10) (same); *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at *5 (same); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (*per curiam*) (finding no abuse of discretion in preventing discovery pending motion to dismiss).

3

minimum expenditure of time and money by the parties and the court.") (internal quotation marks omitted).

During the parties' continuing meet and confer discussions, Plaintiffs proposed that prior to the Court's ruling on Defendants' motions to dismiss, Defendants would produce millions of documents from other litigations and a Department of Justice civil investigation (which commenced in June 2011 and, though technically still open, has led to no enforcement action), and Plaintiffs would be permitted to pursue wide-ranging third-party discovery. This approach, although potentially not as burdensome as full-blown discovery, would still impose undue burden and cost when this case should not proceed beyond the pleading stage. Separate from whatever costs the wholesale production of the enormous volume of documents, filings, exhibits, transcripts, and other documents from other cases and proceedings Plaintiffs seek here would impose on Defendants, such production would require Defendants to produce countless commercially-sensitive documents (many of which originally were produced in those prior matters by third parties). Third parties would likewise be burdened by Plaintiffs' proposed discovery while the motions to dismiss are pending. Given the sensitivity of the materials that Defendants expect Plaintiffs will seek from third parties (such as airline pricing algorithms), satellite litigation likely will be triggered.

The alleged acts on which Plaintiffs' claims are predicated took place between five and fifteen years ago. Plaintiffs waited until now to bring those claims. They will not be prejudiced by waiting a few more months for the Court to determine whether those claims should go forward before launching into sweeping discovery. By contrast, the short delay in starting discovery likely will spare the parties, the Court, and numerous third parties substantial and undue burden.

Defendants will be available to address these issues at the November 5 conference or at any other time that is convenient for the Court.

Respectfully Submitted,

/s/ Steven J. Kaiser

Steven J. Kaiser

cc: Counsel of Record, via ECF