USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: August 15, 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GORDON, *et al.*,

                Plaintiffs,

v.

AMADEUS IT GROUP, S.A., *et al.*,

                Defendants.

No. 15 Civ. 5457 (KPF)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. Pleadings. Plaintiffs filed an Amended Complaint on October 2, 2015. Defendants' motion to dismiss the Amended Complaint was granted in part and denied in part on July 6, 2016. Defendants will serve their Answers by September 16, 2016.

2. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

3. Settlement discussions have not taken place.

    Given the nature of the case and claims, the parties do not believe meaningful settlement discussions are possible at this time.

4. The parties commenced their conference pursuant to Fed. R. Civ. P. 26(f) on September 24, 2015.

5. Additional Amendments to the Pleadings. Further amended pleadings may not be filed and additional defendants may not be joined except with leave of the Court. Any motion to join additional Plaintiffs shall be filed, without leave of the Court, no later than 60 days prior to the close of fact discovery.

6.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than September 16, 2016.

7.  Discovery

    a.  Defendants will produce by the later of September 16, 2016, or three days after the date of the entry of the protective order, four categories of documents from the Prior Litigations (as defined below), to the extent they are within the possession, custody, or control of the Defendants: (1) Documents produced by Defendants in discovery in the Prior Litigations; (2) Documents produced by Defendants to the United States Department of Justice ("DOJ") in response to Civil Investigate Demands issued in 2011 by DOJ relating to DOJ's investigation of the GDS industry; (3) Documents produced by third parties in discovery in the Prior Litigations, and (4) pleadings, briefs, and expert reports served in the Prior Litigations, except to the extent publicly available.  Notwithstanding the foregoing, categories 3 and 4 shall be produced only after appropriate notice to third parties and resolution of any objections raised by third parties.  Prior Litigations means: (1) *US Airways, Inc.* v. *Sabre Holdings Corporation*, 1:11-CV-02725-LGD (S.D.N.Y.), (2) *American Airlines, Inc.* v. *Sabre, Inc.*, 4:11-CV-00244-Y (N.D. Tex.) and (3) *American Airlines, Inc.* v. *Sabre Inc.*, No. 067-249214-10 (67th Jud. Dist. Ct. Tarrant County, Tex.). Plaintiffs may seek additional document discovery from Defendants consistent with Fed. R. Civ. P. 26(b)(1) to the extent such discovery was not produced by Defendants as part of the Prior Litigation document discovery, after Plaintiffs' good faith review thereof.  The parties shall otherwise conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  Except for good cause shown, all fact discovery shall be completed no later than September 28, 2017.

    c.  Except for good cause shown, expert discovery, including reports, production of underlying documents, and depositions, shall be completed pursuant to the following schedule:

        i.  Class Certification

       1.    Plaintiffs' identification of class certification expert(s) and service of report(s) in support of motion:  no later than 60 days after the completion of fact discovery.

       2.    Defendants' identification of class certification expert(s) and service of report(s) in support of opposition:  90 days after service of Plaintiffs' class expert reports.  Depositions of Plaintiffs' class expert(s) will take place within 45 days of the date their report(s) are served.

Plaintiffs' class expert rebuttal reports:  60 days after service of Defendants' class expert reports.  Depositions of Defendants' class expert(s) will take place within 30 days of the date their report(s) are served.

  ii.    Merits

       1.    Plaintiffs' identification of merits expert(s) and service of merits expert report(s): 60 days after any order certifying a class.

       2.    Defendants' identification of merits expert(s) and service of merits expert report(s):  90 days after the service of Plaintiffs' merits expert reports.

       3.    Plaintiffs' merits expert rebuttal reports:  60 days after service of Defendants' merits expert reports.

8.    Interim Discovery Deadlines

    a.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than 30 days before the close of fact discovery.

    b.    Except for good cause shown, interrogatories pursuant to Local Rule 33.3 shall be limited in number as follows:

       i.    Plaintiffs collectively shall be limited to 25 interrogatories per group of related Defendants.

      ii.      Defendants collectively shall be limited to 10 interrogatories per Plaintiff.

   c.      Depositions of fact witnesses shall be completed no later than the close of fact discovery.

      i.      There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

      ii.      Depositions may commence 60 days after the completion of initial disclosures made pursuant to Fed. R. Civ. P. 26(a)(1).

      iii.      The parties propose that they will meet and confer regarding the number of factual depositions within 30 days of the completion of initial disclosures made pursuant to Fed. R. Civ. P. 26(a)(1). If the parties cannot agree, the parties shall follow the procedures set forth in paragraph 10.

   d.      Requests to admit shall be served before the close of fact discovery.

   e.      Any of the deadlines in paragraphs 8(a) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(b), or absent such consent, by the Court upon good cause shown.

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at http://nysd.uscourts.gov/judge/Failla.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three

        pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. All counsel must meet in person for at least one hour to discuss settlement within 14 days following the close of fact discovery EXCEPT in cases brought as putative collective actions under the Fair Labor Standards Act, in which case counsel must meet to discuss settlement within 14 days following the close of the opt-in period.

12. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed that an informal exchange of information in aid of early settlement discussions would be premature at this time. The parties will discuss settlement at the close of fact discovery or at such other time as the parties may agree.

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties believe that it is premature to consider alternate dispute resolution mechanisms at this time.

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
    The parties will discuss alternate dispute resolution mechanisms after the close of fact discovery.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed no later than 30 days after the close of merits expert discovery.

14. Similarly, any motion to exclude the testimony of merits experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 30 days of the close of merits expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed four weeks after the motion is served on the opposing party, and a reply, if any, is to be filed two weeks after service of any opposition. Any *Daubert* motions filed by Defendants as to Plaintiffs' class certification expert(s) shall be filed 7 days before Defendants' opposition to class certification and any *Daubert* motions filed by Plaintiffs as to Defendants class certification expert(s) shall be filed by Plaintiffs 7 days before Plaintiffs' reply in support of their motion for class certification. If *Daubert* motions are filed as to any class experts, a briefing schedule will be set by the Court at the appropriate time.

15. Unless otherwise ordered by the Court, within 60 days of the later of the Court's decisions regarding class certification and any dispositive motion(s), the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 7 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions in *limine*.

16. If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules.

17. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18. The parties agree that this case will not be tried to a jury.

19. Counsel for the parties have conferred and the present best estimate of the length of trial is 4-6 weeks.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

21. Motion Practice Deadlines

    a. Class Certification

        i. Plaintiffs shall file their motion for class certification no later than 60 days after the close of fact discovery.

        ii. Defendants shall file their response in opposition to Plaintiffs' motion for class certification 90 days after service of Plaintiffs' motion.

        iii. Plaintiffs shall file their reply to defendants' response 60 days after service of Defendants' response in opposition.

    b. Summary Judgment

        i. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

22. Other Discovery Issues

    a. Protective Order. The parties have agreed to a protective order and have jointly submitted a proposed protective order.

    b. Discovery of Electronically Stored Information. The parties will discuss discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced.

    c. Claims of Privilege or Protection. The parties have discussed issues about claims of privilege or of protection as trial-preparation materials as required by Fed. R. Civ. P. 26(f), including a procedure to assert these claims after production and have reached an agreement, which will be set forth in the parties' proposed protective order.

Respectfully submitted,

/s/ Vincent J. Esades
Vincent J. Esades
Renae D. Steiner
James W. Anderson
Ian F. McFarland
HEINS MILLS & OLSON, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
vesades@heinsmills.com
rsteiner@heinsmills.com
janderson@heinsmills.com
imcfarland@heinsmills.com

Joseph J. DePalma
Mayra V. Tarantino
LITE DEPALMA GREENBERG, LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
jdepalma@litedepalma.com
mtarantino@litedepalma.com

Steven J. Greenfogel
Mindee J. Reuben
LITE DEPALMA GREENBERG, LLC
1521 Locust Street, 7th Floor
Philadelphia, PA 19102
Telephone: (267) 519-8306
sgreenfogel@litedepalma.com
mreuben@litedepalma.com

Douglas A. Millen
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
    & MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
dmillen@fklmlaw.com
wlondon@fklmlaw.com
mmoskovitz@fklmlaw.com

/s/ Richard S. Taffet

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
richard.taffet@morganlewis.com

R. Brendan Fee
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone:  (215) 963-5000
bfee@morganlewis.com

Counsel for Defendants Travelport LP and Travelport Worldwide Limited


/s/ Steven J. Kaiser

George S. Cary
Steven J. Kaiser
CLEARY GOTTLIEB STEEN
    & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone:  (202) 974-1500
gcary@cgsh.com
skaiser@cgsh.com

Counsel for Defendants Sabre Corporation, Sabre Holdings

Robert G. Eisler
Peter A. Barile
GRANT & EISENHOFER, PA
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
reisler@gelaw.com
pbarile@gelaw.com

Joseph R. Saveri
Joshua P. Davis
Ryan J. McEwan
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
jdavis@saverilawfirm.com
rmcewan@saverilawfirm.com

Plaintiffs' Proposed Interim Co-Lead Counsel

Corporation, Sabre GLBL Inc., and Sabre Travel International Limited

/s/ Edward B. Schwartz
_____

Edward B. Schwartz
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington DC 20036
Telephone: (202) 429-3000
eschwartz@steptoe.com

Evan Glassman
STEPTOE & JOHNSON, LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 506-3900
eglassman@steptoe.com

David L. Meyer
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, DC  20016
Telephone: (202) 887-1519
dmeyer@mofo.com

Michael B. Miller
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8009
mbmiller@mofo.com

Counsel for Defendants Amadeus IT Group, S.A., Amadeus Americas, Inc. and Amadeus North America, Inc.

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

_____shall file a motion for _____ no later than _____.  Any opposition shall be filed by _____ and any reply shall be filed by _____. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for **October 6, 2017** at **3:00 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates

herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated:   August 15, 2016
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge