# Morgan Lewis

**R. Brendan Fee**
Partner
+1.215.963.5136
brendan.fee@morganlewis.com

August 17, 2017

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court
   Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
E-mail: Failla_NYSDChambers@nysd.uscourts.gov

**Re:    Gordon, et al. v. Amadeus IT Group, S.A., et al., No. 1:15-cv-05457 (KPF)**

Dear Judge Failla:

Pursuant to Paragraph 3.C. of Your Honor's Individual Rules and the Court's July 13, 2017 Order (Dkt. No. 212),[1] we write on behalf of Defendants Travelport Worldwide Limited and Travelport LP (the "Travelport Defendants") requesting an order compelling Plaintiffs to produce documents responsive to Request No. 6 in Defendants' Second Set of Document Requests, which, as narrowed by Defendants, seeks communications between Plaintiffs, including their counsel, and any Airline (as defined in the Amended Complaint) or its counsel with respect to the subpoenas served upon the Airlines by Plaintiffs in this action.[2]

By way of background, Plaintiffs served subpoenas on the Airlines requesting deposition testimony and various broad categories of documents (or, in lieu of documents, "admissible statements under oath") pertaining to, among other things, the Airlines' contract negotiations with Defendants as well as their distribution strategies and costs.[3] In response to those subpoenas, each of the Airlines furnished a declaration instead of producing documents. Defendants' Request No. 6, as modified, seeks any communications between Plaintiffs, and their counsel, and the Airlines, and their counsel, relating to the subpoenas and the declarations.

---

[1]    Plaintiffs did not submit a letter raising this or any other discovery dispute with Defendants on August 14, 2017 as required by the Court's July 13, 2017 Order. The Travelport Defendants nevertheless raise this issue on the timetable prescribed by the Court.

[2]    Defendants' Second Set of Document Requests Directed to Plaintiffs is attached as Exhibit "A."

[3]    Plaintiffs' subpoenas to American Airlines, JetBlue, Delta, United, and Virgin/Alaska are attached as Exhibit "B."

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921     ☎ +1.215.963.5000
United States     📠 +1.215.963.5001

The Honorable Katherine Polk Failla
August 17, 2017
Page 2

Despite originally agreeing to produce responsive documents after Defendants' Second Set of Document Requests were served, Plaintiffs in late July reversed course. They now contend that documents responsive to Request No. 6 are (or at least may be) subject to a "common interest privilege" among Plaintiffs and the Airlines and are beyond the scope of permissible discovery under Fed. R. Civ. P. 26. Although they are willing to produce responsive documents, they will only do so if Defendants preemptively agree that such production does not constitute a waiver of any applicable privilege and if they can reserve the right to forbid the use of the documents at trial in this case (although they would allow witnesses to be questioned about them in depositions). Such an approach would be unworkable and unduly prejudicial to Defendants.

As an initial matter, the communications sought by Request No. 6 should not be properly considered subject to the "common interest" privilege. The party seeking to invoke the "common interest" doctrine bears the burden of establishing that it applies. *Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc.*, 215 F.R.D. 466, 471-72 (S.D.N.Y. 2003). "Such a showing must be based on competent evidence, usually through the admission of affidavits, deposition testimony or other admissible evidence." *Id.* at 472. "The burden cannot be met by 'mere conclusory or *ipse dixit* assertions' in unsworn motion papers authored by attorneys." *Id.* (quoting *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987)), *cert. denied*, 481 U.S. 1015(1987)). To properly invoke the "common interest" doctrine, there must have been "a common legal interest" at the time of the communications and the communications must have been "made in the course of formulating a common legal strategy." *Ferring B.V. v. Fera Pharm., LLC*, 2016 WL 5390876, at *4 (E.D.N.Y. Sept. 27, 2016).

Because it is a narrow exception to the general rule that third party disclosure results in a waiver of privilege, courts should be "cautious" about extending the scope of privilege under the "common interest" doctrine. *In re FTC*, 2001 WL 396522, at *4 (S.D.N.Y. April 19, 2001). In determining whether the exception applies, "[t]he key consideration is that the nature of the interest be *identical, not similar,* and be legal, not solely commercial." *North River Ins. Co. v. Columbia Cas. Co.*, 1995 WL 5792, at *3 (S.D.N.Y. Jan. 5, 1995) (emphasis added). And it is well settled that the mere shared desire to succeed in an action does not create a "common interest" sufficient to trigger the exception. *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893 (S.D.N.Y. 1999) (even though plaintiff and a subpoenaed third party would "both benefit from a judgment in favor of the plaintiff" the "common interest" doctrine did not apply).

Here, it cannot be said that there is an "identical legal interest" between Plaintiffs and the Airlines with respect to communications concerning the subpoenas served by Plaintiffs on the Airlines in this case. Plaintiffs have not identified the scope of the claimed common legal interest, the terms of any purported agreement, how the purported agreement was memorialized, or the specific steps taken by the parties to the purported agreement to preserve the privileged status of any communications. This alone should render the communications requested in Defendants' Document Request No. 6, as modified, outside any "common interest" privilege.

In addition, Plaintiffs cannot establish a common legal interest with the Airlines in this case because, if one did exist, no subpoena would have been required from Plaintiffs to the Airlines; the Airlines would have simply provided their declarations to Plaintiffs voluntarily without the need for compulsory process. The fact that subpoenas were necessary for Plaintiffs to obtain discovery from the Airlines negates any common legal interest. *See, e.g., Aronson v. McKesson*

The Honorable Katherine Polk Failla
August 17, 2017
Page 3

*HBOC, Inc.*, 2005 WL 934331, at *7 (N.D. Cal. Mar. 31, 2005) (where parties are "potentially adverse" or there is even "a potential for dispute" there can be no "common interest").

Nor can Plaintiffs rely on the Airlines' production of declarations that Plaintiffs perceive to be useful for their case as a basis for invoking the "common interest" doctrine because, at best, those declarations suggest that certain Airlines believe they would benefit commercially if Plaintiffs were to succeed in this case.  That is not enough to trigger a "common interest" under applicable law.  *See Shamis*, 34 F. Supp. 2d at 893.  Moreover, one Airline—Delta—has produced its communications with Plaintiffs' counsel, which confirms that there is no "common interest" that would spare Plaintiffs from producing their communications with the rest of the Airlines.  And, no other Airline has claimed a "common interest" with Plaintiffs.

Plaintiffs' relevance objection is likewise without merit.  Plaintiffs' counsels' communications with witnesses who have produced sworn statements that Plaintiffs presumably intend to use in their case are indisputably relevant to the claims and defenses in this action.  Among other things, such communications may relate to the statements made by the Airlines in their declarations, which would be relevant to bias and credibility.  And Plaintiffs have not asserted that producing these documents would impose an undue burden.  The documents sought by Request No. 6, therefore, are within the proper scope of discovery under Rule 26.

*     *     *

For the foregoing reasons, the Travelport Defendants respectfully request that the Court order Plaintiffs to produce documents responsive to Document Request No. 6, as modified.

Respectfully submitted,

*/s/  R. Brendan Fee*

R. Brendan Fee

cc:   All counsel of record (via ECF)