

Grant & Eisenhofer P.A.

485 Lexington Avenue
New York, NY  10017
Tel: 646-722-8500
Fax: 646-722-8501

30 N. LaSalle Street, Suite 2350
Chicago, IL  60602
Tel: 312-214-0000
Fax: 312-214-0001

123 Justison Street  Wilmington, DE 19801  Tel: 302-622-7000  Fax: 302-622-7100

WRITER'S DIRECT DIAL NUMBER:

302-622-7030
reisler@gelaw.com

December 29, 2017

**VIA ECF AND ELECTRONIC MAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

  Re: *Gordon, et al. v. Amadeus IT Group, S.A., et al.*, No. 1:15-cv-05457 (KPF)

Dear Judge Failla:

  We represent Plaintiffs in the above-referenced action and request that this Court compel Defendants Sabre Corporation F/K/A Sabre Holdings Corporation, Sabre Holdings Corporation, Sabre GLBL Inc., and Sabre Travel International Limited ("Sabre") to produce executed versions of its post-2010 contracts with certain airlines, pursuant to Plaintiffs' First Request for Production of Documents ("Requests").

  **I.**  **Introduction**

  Plaintiffs served Requests which included the following: "All Documents, including but not limited to Communications, agreements and analyses, Concerning the requirement that airlines provide Full Content to Defendants' GDSs." *See* Ex. A (Plaintiffs' First Request for Production of Documents Addressed to Sabre Corporation F/K/A Sabre Holdings Corporation, Sabre Holdings Corporation, Sabre GLBL Inc., and Sabre Travel International Limited, dated February 24, 2017, at Request No. 7). This request seeks documents that go to the heart of Plaintiffs' claim: That shortly after the government deregulated the GDS industry, Defendants agreed among themselves to require Full Content provisions in their contracts with Airlines. *See* Compl. ¶ 6 (stating the Full Content conspiracy prohibited "the Airlines from offering lower fares through less costly distribution channels and from surcharging . . . for using a GDS rather than a less costly platform" and by "requiring fares available through a GDS to be priced at parity, regardless of the distribution channel").

  Although this request was entirely proper given the scope of this case, Plaintiffs actually sought a very narrow set of documents – specifically, executed versions of post-2010 contracts

The Honorable Katherine Polk Failla
December 29, 2017
Page 2

between Sabre and American Airlines, Continental Airlines, Delta Airlines, Northwest Airlines, United Airlines, US Airways, AirTran, JetBlue, and Alaska Airlines to the extent they still existed as independent companies during this time (together, the "Airlines"). The relevance of these documents is clear: these contracts contain full content provisions that serve as evidence of the continuing impact of the conspiratorial conduct that Plaintiffs allege.

Sabre does not dispute the relevance of these documents. Nor, seemingly, can Sabre argue this category of documents is otherwise objectionable. Instead, Sabre's stated basis for refusing to produce these documents is that it believes Plaintiffs are untimely in seeking the production of these documents. Sabre's attempt to withhold production of these documents on this basis should be rejected.

## II.     Legal Standard for Discovery

Federal Rule of Civil Procedure 26(b), as amended in December 2015, provides that parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26. Rule 26(b)(1) expressly provides that discovery "need not be admissible in evidence to be discoverable." *Id*. In determining whether discovery is proportional, courts consider, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

It is well-settled that Rule 26 is meant to be construed liberally, and that courts should err in favor of discovery rather than against it. *Lightsquared Inc. v. Deere & Co.*, No. 13-8157, 2015 WL 8675377, at *1 (S.D.N.Y. Dec. 10, 2015); *A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 07-929, 2014 WL 6474285 at *5-6 (D. Conn. Nov. 19, 2014).

## III.     Executed Versions of Post-2010 Contracts with Certain Airlines

As previously set forth, Request No. 7 of the Requests seeks "All Documents, including but not limited to Communications, agreements and analyses, Concerning the requirement that airlines provide Full Content to Defendants' GDSs." In answering this discovery, Sabre objected to the request as overbroad, unduly burdensome, and disproportionate to the needs of the case. Sabre did not object to the relevance of the documents sought. Sabre also responded that it had already produced such documents. *See* Ex. B (Sabre's Responses and Objections to the Requests, dated March 27, 2017, at Request No. 7.)

With respect to Sabre's boilerplate objections as to overbreadth, burdensomeness, and lack of proportionality, at no point did Sabre meet its burden to demonstrate that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(7)(C)(ii). For that reason alone, Plaintiffs' discovery request should be granted. "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012) (internal quotation marks omitted). Moreover, a party rebuffing its discovery obligations cannot rely on general and

The Honorable Katherine Polk Failla
December 29, 2017
Page 3

conclusory burden objections, but rather bears the burden to show through affidavits or otherwise that the discovery is too burdensome.  *In re Weatherford Int'l Sec. Litig.*, No. 11-1646, 2013 WL 2355451 (S.D.N.Y. May 28, 2013).  But even assuming Sabre's objections were well taken, they were easily addressed by limiting the request to a handful of executed versions of post-2010 contracts with the Airlines.

Now, it appears Sabre has abandoned even its boilerplate objections.  Based on the meet and confer conducted between counsel for the parties on December 20, 2017, Plaintiffs understand Sabre's position to be that this motion is untimely as it should have come under the umbrella of issues to be addressed prior to August 14, 2017.  ECF No. 212.  This position should be rejected.  Although the initial discussion of the post-2010 executed contracts did precede that date, at no point did Plaintiffs understand Sabre to be refusing to produce these plainly-relevant documents.  The discovery disputes that were ripe at that time for the Court's involvement centered on issues related to the breadth of custodial searches, which were the basis for Sabre's rejection of Plaintiffs' discovery proposal.  *See* Ex. C (e-mail between counsel regarding Plaintiffs' discovery proposal).  As the matter of these contracts was not in dispute, it was not briefed alongside the other discovery issues at the time.

### IV.    Conclusion

Plaintiffs served a timely document request that includes a very limited number of indisputably relevant documents which Sabre now refuses to produce.  For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and order Sabre to produce executed versions of its post-2010 contracts with the Airlines.

Respectfully,

/s/ *Robert G. Eisler*

Robert G. Eisler (Bar #RE1398)
Caitlin Moyna (Bar #CM3278)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, New York
Tel:  (646) 722-8500
Fax:  (646) 722-8501

cc:     All Counsel of Record (via ECF)