USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 16, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL GORDON, et al.

        Plaintiffs,

v.

AMADEUS IT GROUP, S.A., et al.,

        Defendants.

Civ. A. No. 1:15 Civ. 05457

(KPF) ECF Case

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH DEFENDANTS AMADEUS IT GROUP, S.A., AMADEUS NORTH AMERICA, INC., AND AMADEUS AMERICAS, INC., APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

    Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendants Amadeus IT Group, S.A., Amadeus North America, Inc., and Amadeus Americas, Inc. ("Amadeus"), Approval of the Form and Manner of Notice to the Class, and Proposed Schedule for a Fairness Hearing and exhibits thereto, and any hearing thereon, IT IS HEREBY ORDERED and DECREED that said motion is GRANTED as follows:

    1.    This Order hereby incorporates by reference the definitions in the Settlement Agreement among Amadeus, Plaintiffs, and the Settlement Class, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

### Jurisdiction

    2.    This Court has jurisdiction over Plaintiffs and Amadeus and jurisdiction over the Litigation to which Plaintiffs and Amadeus are parties.

### Certification of Settlement Class and Appointment of Class Counsel

    3.    The Court finds, for settlement purposes only and conditioned upon the entry of

this Order and the Final Order and Final Judgment, that the prerequisites for a class action under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure have been satisfied. The Court, therefore, certifies for settlement purposes only class consisting of: "All residents of the United States who purchase or purchased an airline passenger ticket from an Airline between June 1, 2006 and the date Class Notice is issued pursuant to Fed. R. Civ. P. 23(e)."

4. The Court appoints Plaintiffs as class representatives and Heins Mills & Olson, P.L.C., Lite DePalma Greenberg, LLC, Freed Kanner London & Millen, LLC, Grant & Eisenhofer, PA, and Joseph Saveri Law Firm, Inc. as Class Counsel to represent the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

**Preliminary Approval of Proposed Settlement**

5. The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *See Janus Films, Inc.* v. *Miller*, 801 F.2d 578, 582 (2d Cir. 1986). In evaluating a proposed settlement for preliminary approval, however, the Court applies a less stringent standard under which it is required to determine only whether the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *In re Nasdaq Mkt.-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997). The proposed Settlement satisfies the standard for preliminary approval.

6. The Court finds that the proposed Settlement, which includes certain immediate and conditional injunctive relief as well as an agreement by Amadeus to enhance its antitrust compliance program, provide certain cooperation regarding the authentication of documents in connection with the Litigation, and make a payment for attorneys' fees and certain litigation

expenses incurred by Plaintiffs' Class Counsel on behalf of the Settlement Class in exchange for, *inter alia,* dismissal of the Litigation between Plaintiffs and Amadeus with prejudice and the release of all claims against Amadeus for injunctive, declaratory, or other equitable relief by Plaintiffs and the Settlement Class, including all claims asserted against Amadeus in this Litigation, as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after significant litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## Class Notice

7. The proposed Class Notice, which informs Class Members of the Settlement satisfies the requirements of Rule 23(e) and Due Process, is otherwise fair and reasonable, and is therefore approved. The Settlement Administrator shall cause Class Notice substantially in the form attached to the Settlement Agreement and in the manner described in the Settlement Agreement to be disseminated by August 31, 2018 (15 days following the entry of this Order).

8. Class Members may object to the Settlement no later than October 30, 2018, (60 days from the date that the Notice is issued) (the "Objection Deadline"). Class Counsel shall monitor and record any and all objections that are received.

9. Class Counsel shall file with the Court a motion for final approval of the Settlement Agreement and the entry of Final Judgment no later than November 13, 2018 (14 days after the deadline for members of the Class to object to the Settlement).

10. The Court appoints Epiq Systems Inc. to serve as Settlement Administrator.

## Fairness Hearing

11. A hearing on final approval (the "Fairness Hearing") shall be held before this

Court at 2:00 p.m. on November 27, 2018, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; and (b) whether entry of a Final Order and Final Judgment terminating the Litigation between Plaintiffs and Amadeus should be entered. The Fairness Hearing may be rescheduled or continued. Class Counsel shall be responsible for communicating any such notice to the Settlement Class promptly upon receipt by the Court by causing the Settlement Administrator to post a conspicuous notice on the dedicated Settlement Website.

## Procedure for Objections to the Settlement

12. Any Settlement Class Members who wish to object to any aspect of the proposed Settlement, must on or before the Objection Deadline (a) deliver to Counsel by e-mail, and (b) file with the Clerk of Court a written statement of his/her objection. The objection must contain proof that the person making the objection is a Settlement Class Member, and if filed by an attorney must set forth: (a) the attorney's experience with class actions, including the capacity in which the attorney participated in each class action (*e.g.,* plaintiffs', defendants' or objectors' counsel), and the outcome of each case; and (b) each case in which the attorney has previously represented an objector in a class action, the disposition or effect that any objection had on each class action case, and whether the attorney was paid for each case that was voluntary dismissed, at any time, including on appeal.

13. Regardless of whether the Settlement Class Member employs an attorney to prepare the written objection, the Settlement Class Member must sign the written objection personally as an attestation that the Settlement Class Member discussed the objection with his

or her attorney and has fully reviewed the written objection.

14. No Objector or counsel hired at the Objector's own expense shall be entitled to be heard at the Fairness Hearing unless the Objector or his/her attorneys, who intend to make an appearance at the Fairness Hearing, file an written objection and a "Notice of Intent to Appear," with the Clerk of the Court by the Objection Deadline and delivers the same to Counsel so that it is received on or before that same date.

15. Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection.

16. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

## Stay of Proceedings as to Amadeus

17. Except as provided in the Settlement Agreement, all proceedings in the Litigation between the Plaintiffs and Amadeus are hereby stayed until such time as the Court renders a decision regarding final approval of the Settlement and, if the Court approves the Settlement, enters the Final Order and Final Judgment and dismisses Plaintiffs' remaining claims as to Amadeus with prejudice.

## No Admission of Liability

18. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the

Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Amadeus as to the validity of any claim that has been or could have been asserted by Plaintiffs against Amadeus or as to any liability by Amadeus.

SO ORDERED this 16th day of August, 2018

*Katherine Polk Failla*

The Honorable Katherine Polk Failla, U.S.D.J.