UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 27, 2018
```

Robert Binz V, Michael Binz, Leslie
Clemenson, Thomas Clynes, Andrew
Margolick, Gregory Melita, and Nili Sinai-
Nathan,

                Plaintiffs,

      v.

Amadeus IT Group, S.A., Amadeus North
America, Inc., Amadeus Americas, Inc.,
Sabre Corporation f/k/a Holdings
Corporation, Sabre Holdings Corporation,
Sabre GLBL Inc., Sabre Travel
International Limited, Travelport
Worldwide Limited, and Travelport LP
d/b/a Travelport,

                Defendants.

15 Civ. 05457 (KPF)

**ORDER GRANTING FINAL APPROVAL OF
PROPOSED SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANTS
AMADEUS IT GROUP, S.A., AMADEUS NORTH AMERICA, INC., AND
AMADEUS AMERICAS, INC.**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement between Plaintiffs and Defendants Amadeus IT Group, S.A., Amadeus North America, Inc., and Amadeus Americas, Inc. (together, "Amadeus"), dated June 27 and 28, 2018, it is hereby ORDERED AND DECREED as follows:

1.    This Order hereby incorporates by reference the definitions in the Settlement Agreement between Plaintiffs and Amadeus, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth

in the Settlement Agreement.

2.     The Settlement Class is defined as follows:  All residents of the United States who purchase or purchased an airline passenger ticket from an Airline between June 1, 2006 and the date Class Notice was issued pursuant to Fed. R. Civ. P. 23(e).

3.     The representatives of the Class are Plaintiffs.  The Court has found that Class Counsel have fairly and adequately represented the interests of the Settlement Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4.     The Court has jurisdiction over the Litigation, each of the Settling Parties, and all Settlement Class Members for purposes of this Settlement.

5.     Class Notice constituted the best notice practicable under the circumstances. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that Class Notice, and the means by which Class Notice was provided, gave Settlement Class Members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class Members to object to the Settlement.

6.     Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to the Settlement Class Members to participate in the November 27, 2018 Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Order and the Final Judgment, which is being entered

contemporaneously herewith.

7.     The Settlement of this Litigation between Plaintiffs and Amadeus was not the product of collusion between Plaintiffs and Amadeus or their respective counsel, but rather, was the result of bona fide and arm's-length negotiations conducted in good faith between Class Counsel and Amadeus's Counsel.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9.     Amadeus is hereby enjoined from coordinating or agreeing with a Non-Settling Defendant to require any Airline to agree to the Contractual Provisions.

10.     All claims in the Litigation as to Amadeus are hereby dismissed with prejudice and without costs.

11.     In accordance with paragraphs 18-23 of the Settlement Agreement:

> In consideration for the relief described above, Plaintiffs and each Settlement Class Member, as well as their respective past, present or future agents, heirs, administrators, successors, assigns and any other legal representatives, agree to dismiss with prejudice all claims against any of the Amadeus Releasees, and grant to each Amadeus Releasee the broadest general release and covenant not to sue allowed by law, which shall

unconditionally and forever bar Plaintiffs and Settlement Class Members from bringing, prosecuting, or participating in any and all claims against the Amadeus Releasees for injunctive, declaratory, or other equitable relief, whether known or unknown, that Plaintiffs or Settlement Class Members brought or could have brought against the Amadeus Releasees as of the Final Approval Date that arise out of, in whole or in part, or relate in any way to the subject matter of, or conduct alleged in, the Operative Class Complaint in the Litigation, as well as any prior complaints filed in the Litigation, and any lawsuits referenced in such Complaints. However, nothing herein shall be construed to release any claim for breach of warranty, breach of contract, any trade claims or any claim for personal or bodily injury between Settlement Class Member and Amadeus that are unrelated to the subject matter of the Litigation. Also excluded from this Release is any action by Plaintiffs or any Settlement Class Member to enforce the terms of the Settlement Agreement.

Without limiting the foregoing, and although the Operative Class Complaint and other pleadings speak for themselves, and shall govern the scope of the claims released and forever barred under this Settlement Agreement and that are subject to any covenant not to sue set forth in this Settlement Agreement, claims against the Amadeus Releasees for injunctive, declaratory, or other equitable relief based on the following are specifically released, barred, and subject to the covenant not to sue set forth herein: (a) claims alleging that Defendants conspired with one another; and (b) claims involving the Contractual Provisions.

Plaintiffs and the Settlement Class Members expressly agree that this Release, the Final Order, and the Final Judgment are, will be, and may be raised as a complete defense to, and will preclude any action or proceeding encompassed by, this Release.

Plaintiffs and the Settlement Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against

4

the Amadeus Releasees, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through this Settlement Agreement.

Plaintiffs and the Settlement Class Members acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Litigation and/or the Release herein. Nevertheless, it is the intention of Plaintiffs' Class Counsel, Plaintiffs, and the Settlement Class Members in executing this Settlement Agreement to fully, finally and forever settle, release, discharge, and hold the Amadeus Releasees harmless from all such matters, and all claims for injunctive, declaratory, or other equitable relief relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Litigation, except as otherwise stated in this Settlement Agreement.

Plaintiffs expressly understand and acknowledge, and all Plaintiffs and Settlement Class Members will be deemed by Final Order and the Final Judgment to acknowledge and waive Section 1542 of the Civil Code of the State of California, which provides that: **"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."** Plaintiffs and the Settlement Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

12.   The Court retains exclusive jurisdiction over the Settlement

and as described in the Settlement Agreement and over this Final Order and related Final Judgment, including, without limitation to implement the Conditional Relief described in the Settlement Agreement if the conditions are satisfied. The Court finds that this Final Order adjudicates all of the claims, rights and liabilities of the Settling Parties to the Settlement Agreement (including the members of the Settlement Class), and is final and shall be immediately appealable.

13.    Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Amadeus or any of the Amadeus Releases on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either the Settlement Agreement, this Order, the Final Judgment, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement, the terms of this Order, or if offered by any Amadeus Releasee in responding to any action purporting to assert Released Claims.

SO ORDERED this 27th day of November, 2018

_Katherine Polk Failla_

_____

The Honorable Katherine Polk Failla, U.S.D.J.